**RSI (INDIA) PVT., LTD., et al., Plaintiffs,**

v.

**UNITED STATES, Defendant,**

**and**

**Pinkerton Foundry, Inc., et al., Defendants–Intervenors.**

**Court No. 87–01–00086.**

United States Court of International Trade.

Jan. 28, 1988.

---

Brownstein, Zeidman & Schomer, Irwin P. Altschuler and Ronald M. Wisla, Kaplan, Russin & Vecchi, Dennis James, Jr. and Kathleen Patterson, Washington, D.C., for plaintiffs.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Dept. of Justice, Elizabeth C. Seastrum, U.S. Dept. of Commerce, Washington, D.C., Mark J. Sadoff, for defendant.

Collier, Shannon, Rill & Scott, Paul C. Rosenthal, Carol A. Mitchell and Robin H. Beeckman, Washington, D.C., for defendants-intervenors.

DiCARLO, Judge:

An action to challenge the final results of a countervailing duty review by the International Trade Administration of the Department of Commerce ("Commerce") was filed in this Court by RSI (India) Pvt., Ltd., Kajaria Castings Pvt., Ltd., Kejriwal Iron and Steel Works, Serampore Industries Pvt., Ltd., Uma Iron & Steel Co., Commex Corp., Govind Steel Co., Ltd., and East Coast Manufacturing ("Indian exporters"), along with the Engineering Export Promotion Council of India ("EEPC") and three importers based in the United States, South Bay Foundry of National City California, Cipco of South River, New Jersey, and Creswell Trading Co. of Villanova, Pennsylvania. The Indian exporters, EEPC, and importers filed this action pursuant to 19 U.S.C. § 1516a(a)(2) (Supp. III 1985) and 28 U.S.C. § 2631(c) (1982), which limit standing to file an action in this Court to any interested party who was a party to the proceeding in connection with which the matter arose. Defendant-intervenors, Pinkerton Foundry, Inc., Alhambra Foundry Co., Allegheny Foundry Co., Campbell Foundry Co., Deeter Foundry Co., East Jordan Iron Works, Inc., LeBaron Foundry Inc., Municipal Castings, Inc., Neenah Foundry Co., U.S. Foundry & Manufacturing Corp., and Vulcan Foundry, Inc., move to dismiss the EEPC as not being an "interested party," and move to dismiss each of the three importers for not being "a party to the proceeding." For the reasons set forth in this opinion, the Court finds that the EEPC should be dismissed as a party to this action, but that the importers are proper plaintiffs.

### Engineering Export Promotion Council of India

The complaint alleges that EEPC "is a quasi-governmental organization which is representative of all exporters in India of the subject merchandise." Complaint at 2. The administrative record made before Commerce, which forms the basis for this Court's review, discloses little about the

structure of EEPC. The only information in the record about the nature of EEPC is that it "is a quasi-governmental organization to which all exporters of castings, as well as other engineering products, belong." R. 577. During the administrative proceedings, Commerce asked EEPC to supply certain information to determine whether it was an "interested party" entitled to participate in the proceeding. R. 318. Commerce specifically requested that EEPC describe its membership, the products its members export, and the percentage that certain iron-metal castings exports comprise of the total value of EEPC's exports. R. 322. EEPC responded that

> [w]hile we do consider the EEPC to be an "interested party," either as a quasi-governmental organization or an association representing the exporters being investigated, we do not believe that this issue warrants the time that would be required to respond to your questions. This is because, should we decide to request a hearing in this matter, we will do so on behalf of the individual companies, which clearly are interested parties pursuant to Section 771(9)(A) [of the Tariff Act of 1930].

R. 324.

Under 28 U.S.C. § 2631(k)(1) (1982), the term "interested party" is accorded the definition set out in section 771(9) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1677(9) (1982 & Supp. III 1985), which includes the following relevant groups in its definition of "interested party:"

> (A) a foreign manufacturer, producer, or exporter, or the United States importer, of merchandise which is the subject of an investigation under this subtitle or a trade or business association a majority of the members of which are importers of such merchandise, [and]

> (B) the government of a country in which such merchandise is produced or manufactured,

> . . . .

■ The record is insufficient to establish that EEPC is an interested party under either (A) or (B).

EEPC is not an interested party under (A) because its membership includes "exporters of castings, as well as other engineering products." R. 577. As the court noted in *American Grape Growers Alliance for Fair Trade v. United States*, 7 CIT 389 (1984) [Available on WESTLAW, 1984 WL 3716], Congress has made an exception only for importers when they are the majority of the members of a trade or business association. "From this it can be deduced that in the case of exporters, only an association made up solely of exporters of the merchandise involved in the administrative proceeding can be an 'interested party' within the meaning of 19 U.S.C. § 1677(9)." *American Grape Growers Alliance for Fair Trade*, 7 CIT at 389. The record establishes that EEPC is an association of exporters that includes both members who export castings and members who export other engineering products. EEPC accordingly is not an interested party under 19 U.S.C. § 1677(9)(A) (1982).

EEPC is also not an interested party under 19 U.S.C. § 1677(9)(B) (1982), which is expressly limited to foreign governments. The record discloses only EEPC's description of itself as a "quasi-governmental organization." R. 577. The record is insufficient to establish that EEPC is "the government of the country" for purposes of being an interested party under 19 U.S. C. § 1677(9)(B) (1982).

The record is insufficient to establish that EEPC is an interested party under 19 U.S.C. § 1677(9) (1982).

### The Importers

Defendant-intervenors also move to dismiss from this action each of the three importers as not being "a party to the proceeding" as that term is defined in 19 C.F.R. § 353.12(i)(4) (1987). That regulation required the importers to either inform Commerce in writing of their intent to become a party to the proceeding within 20 days of publication of the preliminary determination, or demonstrate to the satisfaction of Commerce that they had good cause for intervention.

Commerce published the results of its preliminary determination on October 7,

1986, inviting interested parties to submit written comments within 30 days. *Certain Iron-Metal Construction Castings From India; Preliminary Results of Countervailing Duty Administrative Review,* 51 Fed.Reg. 35,676 (Oct. 7, 1986). The importers did not notify Commerce of their intent to become a party to the proceeding within 20 days of publication of the preliminary determination, nor did they submit written comments within 30 days.

Commerce conducted a countervailing duty hearing on November 6, 1986. R. 590. The importers submitted written comments to Commerce on November 20, 1986, two weeks after the hearing and 44 days after the notice of preliminary determination. R. 716–20. These comments implicitly acknowledge their untimeliness by stating that, as United States importers of construction castings from India, the importers are "directly affected" by Commerce's preliminary determination and, as such, "submit that good cause exists for intervention pursuant to [19 C.F.R. §] 355.-7(i)(4)." R. 716–17.

 The record establishes that Commerce received the importers' comments one month before it published the final results of its administrative review, R. 716, and that Commerce considered *"all* of the comments received." *Certain Iron–Metal Construction Castings From India; Final Results of Countervailing Duty Administrative Review,* 51 Fed.Reg. 45,788, 45,791 (Dec. 22, 1986) (emphasis added). As the court noted in *American Grape Growers v. United States,* 9 CIT 103, 105–06, 604 F.Supp. 1245, 1249 (1985):

> On the question of participation in the proceeding, the law is satisfied by any form of notification or participation which reasonably conveys the separate status of a party. The participation requirement is obviously intended only to bar action by someone who did not take the opportunity to further its interests on the administrative level.

The Court finds that the three importers did participate in the administrative proceedings for purposes of 28 U.S.C. § 2631(c) (1982), and should be allowed to continue as plaintiffs in this Court.

## CONCLUSION

The motion to dismiss is granted as to EEPC, and denied as to the three importers.