**RSI (INDIA) PVT., LTD., et al., Plaintiffs,**

v.

**UNITED STATES, Defendant,**

**and**

**Pinkerton Foundry, Inc., et al., Defendants–Intervenors.**

**Court No. 87–01–00086.**

United States Court of International Trade.

Nov. 3, 1988.

Brownstein, Zeidman & Schomer (Irwin P. Altschuler, David R. Amerine, and Ronald M. Wisla), and Kaplan, Russin & Vecchi (Dennis James, Jr.) Washington, D.C., for plaintiffs.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, U.S. Dept. of Justice (Elizabeth C. Seastrum); U.S. Dept. of Commerce, Washington, D.C., (Mark J. Sadoff), Plymouth, Mich., for defendant.

Collier, Shannon, Rill & Scott (Paul C. Rosenthal and Carol A. Mitchell), Washington, D.C., for defendants-intervenors.

DiCARLO, Judge:

RSI (India) Pvt., Ltd. ("RSI"), which is an Indian manufacturer and exporter of iron metal casting products, and South Bay Foundry, Creswell Trading Company, and City Pipe Company (the "importers"), which are United States importers of iron metal casting products from India, move pursuant to Rule 62(c) of the Rules of this Court for an order to "restore" an injunction pending appeal. The Court grants an injunction pending appeal as to those 1984 entries of iron metal castings from India which RSI produced or exported and as to entries of the three named importers, but denies the injunction as to those plaintiffs who are not parties to the appeal.

## BACKGROUND

On January 20, 1987, this Court, on plaintiffs' motion, entered a preliminary injunction enjoining liquidation of all entries of iron metal castings exported from India and covered by the final results of a third administrative review of a countervailing duty order on these castings. *Certain Iron–Metal Construction Castings From India; Final Results of Countervailing Duty Administrative Review,* 51 Fed.Reg. 45,788 (Dec. 22, 1986).

In November of 1987 the defendant-intervenors moved to dismiss the importers from this action on the basis that the importers had not been "parties to the proceeding" as defined in 19 C.F.R. § 353.12(i)(4) (1987) and as required by 19 U.S.C. § 1516a(d) (1982). This Court found that the importers were "parties to the proceeding" and had standing to challenge the final determination of the International Trade Administration of the United States Department of Commerce ("Commerce"). *RSI (India) Pvt., Ltd. v. United States,* 12

CIT ——, 678 F.Supp. 304 (1988). Following a partial remand to Commerce, the Court affirmed the final determination and dismissed the action. *RSI (India) Pvt., Ltd. v. United States*, 12 CIT ——, 687 F.Supp. 605 (1988), *reh'g denied*, 12 CIT ——, 688 F.Supp. 646 (1988), *aff'd following remand to Commerce*, 12 CIT ——, 693 F.Supp. 1189 (1988).

Pursuant to Rule 62(a) of the Rules of this Court, the preliminary injunction which had been entered dissolved automatically on September 21, 1988. Two days later Commerce published an amendment to its final results and gave notice that it would instruct the Customs Service to assess countervailing duties of 7.31 percent of the f.o.b. invoice price on all shipments exported in 1984. *Certain Iron–Metal Construction Castings from India; Amendment to Final Results of Countervailing Duty Administrative Review in Accordance with Decision upon Remand*, 53 Fed.Reg. 37,014 (Sept. 23, 1988).

The plaintiffs filed a notice of appeal with this Court on October 19, 1988, and moved to "restore" the injunction that was in effect from January 20, 1987 to September 21, 1988.

After a telephone conference on October 25, 1988, Judge Jane Restani, sitting as motion part judge, entered a temporary restraining order to enjoin liquidation of iron metal castings (1) produced or exported by RSI and (2) imported by South Bay Foundry, Creswell Trading Company, and City Pipe Company.

## DISCUSSION

Plaintiffs have styled their motion as a motion to "restore" the injunction granted pending appeal. They thus seek an injunction to cover *all* of the subject castings entered or withdrawn from a warehouse during the period of Commerce's third administrative review, January 1, 1984 to December 31, 1984.

The government states that because the Court has never granted an injunction pending appeal in this action, the Court should treat plaintiffs' motion to restore the preliminary injunction as a motion for an injunction pending appeal. Although the government notes that plaintiffs have filed an improper motion, the court has "restored" a preliminary injunction pending appeal in *Brother Indus., Ltd. v. United States*, 3 CIT 242 (1982) [1982 WL 2215]. In a more recent case, however, the court found a difference where an applicant sought an "injunction pending appeal, rather than a preliminary injunction." *Algoma Steel Corp. v. United States*, 12 CIT ——, 696 F.Supp. 656 n. 660 (1988).

Since a preliminary injunction is interlocutory in nature, it cannot survive a final order of dismissal. *Cypress Barn, Inc. v. Western Elec. Co.*, 812 F.2d 1363, 1364 (11th Cir.1987). The Court thus treats plaintiffs' motion to restore the preliminary injunction as a motion for an injunction pending appeal pursuant to Rule 62(c) of the Rules of this Court. Rule 8(a) of the Federal Rules of Appellate Procedure provides that plaintiffs may properly seek an injunction pending appeal in this Court in the first instance, rather than in the United States Court of Appeals for the Federal Circuit.

In granting an injunction pending appeal, the court considers: (1) a threat of irreparable harm; (2) a likelihood of success on appeal; (3) whether the injunction will substantially injure other parties in the proceeding; and (4) where the public interest lies. *See Hilton v. Braunskill*, 481 U.S. 770, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987); *Zenith Radio Corp. v. United States*, 1 Fed.Cir. (T) 74, 710 F.2d 806 (1983); *S.J. Stile Assocs. Ltd. v. Snyder*, 68 CCPA 27, C.A.D. 1261, 646 F.2d 522 (1981). An injunction pending appeal, however, is a not a matter of right, even if irreparable injury might otherwise result to the appellant. Rather, it is an exercise of judicial discretion and the propriety of issuing an injunction pending appeal depends on the circumstances of each case. *See Scripps–Howard Radio, Inc. v. Federal Communications Comm'n*, 316 U.S. 4, 10, 62 S.Ct. 875, 880, 86 L.Ed. 1229 (1942).

### 1. *RSI*

The government recognizes that injunctive relief is appropriate when a party's statutory right to obtain judicial review of a challenged determination would otherwise be rendered meaningless and when the party participated fully in the administrative proceeding. The government thus consents to an injunction pending appeal for the products of RSI.

Defendant-intervenors, Pinkerton Foundry Inc., Alhambra Foundry Co., Allegheny Foundry Co., Campbell Foundry Co., Deeter Foundry Co., East Jordan Iron Works Inc., LeBaron Foundry Inc., Municipal Castings, Inc., Neenah Foundry Co., U.S. Foundry and Manufacturing Corp., and Vulcan Foundry Inc., (the "domestic industry"), oppose any injunction pending appeal on the basis that plaintiffs have not satisfied the criteria for granting an injunction.

Plaintiffs state that they do satisfy the criteria for an injunction. First, Commerce has instructed the Customs Service to liquidate the contested 1984 entries of iron metal castings from India and assess countervailing duties in the amount of 7.31 percent *ad valorem.* If the entries are liquidated, plaintiffs would be deprived of their right of judicial review and denied the opportunity to obtain the ultimate relief that they seek—a remand to Commerce with instructions to recalculate the countervailing duty assessments and deposit rates in accordance with instructions from the Court of Appeals for the Federal Circuit.

Second, plaintiffs state that they have raised sufficiently substantial questions concerning Commerce's treatment of rebates under the Indian Price Reimbursement Scheme to warrant consideration by the appellate court. *See Timken Co. v. United States,* 6 CIT 76, 80, 569 F.Supp. 65, 70 (1983).

Third, plaintiffs state that a balancing of hardships confirms the necessity of an injunction pending appeal. While plaintiffs face irreparable injury if the requested relief is not granted, the defendant will not suffer any perceivable hardship because the liquidations will remain suspended during the pendency of the litigation. Maintaining the *status quo* will not affect the government's position, nor will the United States lose any revenue as deposits on these entries have already been made. At the conclusion of the appellate litigation, the subject entries will be liquidated at their proper rate.

Fourth, the public interest will be served by preserving jurisdiction over the contested entries during judicial review of Commerce's application of the unfair trade laws. *See Zenith Radio Corp. v. United States,* 1 Fed.Cir. (T) 74, 710 F.2d 806 (1983).

■ The Court finds that the plaintiffs have satisfied the four criteria for an injunction pending appeal as to RSI, and that accordingly an injunction against liquidation should issue as to merchandise produced or exported by RSI. "If the administrative agency has committed errors of law for the correction of which the legislature has provided appropriate resort to the courts, such judicial review would be an idle ceremony if the situation were irreparably changed before the correction could be made." *Scripps–Howard Radio, Inc. v. Federal Communications Comm'n,* 316 U.S. 4, 10, 62 S.Ct. 875, 880, 86 L.Ed. 1229 (1942).

### 2. *Importers*

■ The government does not consent to an injunction for "the importers, all of whom lack standing." The government argues that the importers lack standing to pursue the appeal because they were not "parties to the proceeding" at the administrative level. *Defendant's Partial Opposition to Plaintiffs' Motion to Restore Injunction Pending Appeal,* at 4–5.

The government's argument contravenes the Court's findings in *RSI (India) Pvt., Ltd. v. United States,* 12 CIT ——, 678 F.Supp. 304, 306–07 (1988). That decision found that Commerce received written comments from the importers one month before it published the results of its administrative review, and held that this was sufficient to establish that the importers were "parties to the proceeding" because Com-

merce stated in its administrative review results that it considered *"all* of the comments received." *Id.* at ——, 678 F.Supp. at 307.

The Court adheres to its holding in *RSI (India) Pvt., Ltd. v. United States,* 12 CIT ——, 678 F.Supp. 304, 306–07 (1988), and again finds that the three importers were parties to the proceeding. Applying the four factors stated in granting the motion for RSI, the Court finds that plaintiffs have satisfied the criteria for an injunction pending appeal for merchandise that was imported by South Bay Foundry, Creswell Trading Co., or City Pipe Co.

### 3. *Other Indian Manufacturers*

■ The government does not consent to an injunction for the products of producers who have not joined in the appeal.

Only four of the original plaintiffs, RSI and the importers, were named as appellants in the notice of appeal filed on October 19, 1988. The notice of appeal does not name any of the other Indian exporters, Kajaria Castings Pvt., Ltd., Kejriwal Iron and Steel Works, Serampore Industries Pvt., Ltd., Uma Iron & Steel Co., Commex Corp., Govind Steel Co., Ltd., East Coast Manufacturing, nor does it name the Engineering Export Promotion Council of India.

An affidavit filed on November 2, 1988 explains that not all the Indian manufacturers are named in the appeal because "they were unable to bear the additional expense of further litigation." *Affidavit of Dennis James, Jr.,* at 3, para. 6. The affidavit nonetheless argues that because Commerce's amended determination is subject to appeal, "justice would be best served by having *all* countervailing duty assessments made in accordance with the determination of the appellate court." *Id.* at 4, para. 9.

Contrary to the assertion that justice would be served by entering an injunction even as to the non-appealing parties, there is "no general equitable doctrine ... which countenances an exception to the finality of a party's failure to appeal merely because his rights are 'closely interwoven' with those of another party." *Federated Dep't*

*Stores v. Moitie,* 452 U.S. 394, 400, 101 S.Ct. 2424, 2429, 69 L.Ed.2d 103 (1981).

The Court finds that an injunction should not issue as to the merchandise exported by Indian producers who have not joined in the appeal. They have weighed the cost of further litigation and accepted the final decision of this Court.

### CONCLUSION

The Court enters an injunction pending appeal to cover the entries of iron-metal castings imported by South Bay Foundry, Creswell Trading Co., or City Pipe Co., and those entries produced or exported by RSI (India) Pvt., Ltd. The Court finds an injunction should not issue as to those Indian manufacturers who have not joined in the appeal to the United States Court of Appeals for the Federal Circuit.

### ORDER

The Court having considered plaintiffs' motion for injunction pending appeal, and reading all other papers herein, it is hereby

ORDERED that plaintiffs' motion be, and it hereby is, granted regarding those iron metal castings covered by the challenged determination in this case, *Iron Metal Castings from India,* 51 Fed.Reg. 45,788 (Dec. 22, 1986), which were produced and/or exported by RSI (India) Pvt., Ltd., or imported by South Bay Foundry, Creswell Trading Co. and City Pipe Co., and it is further

ORDERED that plaintiffs' motion be, and it hereby is, denied with regard to any other iron metal castings; and it is further

ORDERED that defendant shall instruct the appropriate officers of the United States Customs Service to refrain during the pendency of the litigation before the Court of Appeals for the Federal Circuit from liquidating those entries of iron metal castings from India which were produced and/or exported by RSI (India) Pvt., Ltd., and which remain unliquidated at the close of business on the day following the date upon which a copy of the order is personally served on the following individuals or their delegates: William von Raab, Com-

missioner of Customs, c/o Chief Counsel to Customs; the Duty Assessment Division of Customs; and Mr. Bernard Carreau, Office of Compliance, International Trade Administration, Department of Commerce.