**SERAMPORE INDUSTRIES PVT. LTD., et al., Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF COMMERCE, Defendant,**

and

**Alhambra Foundry Co., et al. Defendants–Intervenors.**

No. 86–06–00743.

United States Court of International Trade.

Feb. 10, 1989.

Kaplan, Russin & Vecchi, Dennis James, Jr., Washington, D.C., for plaintiffs.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, A. David Lafer, U.S. Dept. of Commerce, Washington, D.C., Duane W. Layton, for defendant.

Collier, Shannon, Rill & Scott, Paul C. Rosenthal and Carol A. Mitchell, Washington, D.C., for defendants-intervenors.

DiCARLO, Judge:

This case is before the Court to review the second remand results ordered in *Serampore Indus. v. United States Dep't of Commerce*, 12 CIT ——, 696 F.Supp. 665 (1988). Commerce was ordered to (1) account for two tax rebates paid to Serampore Industries Pvt. Ltd. (Serampore) under an Indian Cash Compensatory Support (CCS) program and (2) correct an alleged computer input error. Serampore concurs in the second remand calculations, which show a *de minimis* dumping margin of 0.487 percent.

## DISCUSSION

### I. *Tax Rebate Adjustments*

While all parties agree Serampore incurred a Freight Equalization Fund (FEF) levy and a turnover tax, defendant-intervenors (the "domestic industry") argue there is neither evidence that Serampore received a CCS rebate for those payments nor an express claim by Serampore during the investigation that it received CCS rebates for these tax payments.

The domestic industry's objections were already addressed in *Serampore Indus. v. United States Dep't of Commerce*, 12 CIT ——, 696 F.Supp. 665, 672–73 (1988). The Court found that Serampore had made a claim for rebates of the full tax incidence, including the FEF levy and turnover tax, and had never abandoned its claimed adjustment. In the interest of fundamental fairness, the Court remanded as a matter of discretion for Commerce to account for rebates of both the FEF levy and the turnover tax.

Commerce recalculated Serampore's constructed value net of those indirect taxes, including the FEF levy and turnover tax, which Serampore incurred during the period of investigation and which the CCS program or the excise duty drawback on pig iron subsequently rebated upon export. *Second Remand Results*, at 8. Where the taxes incurred exceeded the total export payments received, the adjustment under 19 U.S.C. § 1677b(e)(1)(A) was limited to the export payments. *Second Remand Results*, at 12. Where the amount of taxes paid was less than the applicable export payments, the adjustment was limited to the level of taxation. *Memorandum in Response to Comments on Second Remand Results*, at 10.

In calculating CCS, Commerce computed a f.o.b. value for each United States sale, aggregated the total f.o.b. sales value, and divided this amount by the total weight of the merchandise. *Id.* at 11. This calculation produced weighted-average f.o.b. values for heavy and light castings, which Commerce then converted from rupee/pound amounts to rupee/metric ton amounts. *Id.* Commerce multiplied the resulting values by 10% for light castings and 5% for heavy castings to produce the weighted-average CCS amounts. *Id.* at 11–12.

The domestic industry alleges that Commerce erred in calculating CCS tax rebates on a weighted-average basis. They contend that raw materials cost component

overstates the actual CCS rebate received, because the f.o.b. value of some United States sales is below average.

The adjustment Commerce made to Serampore's raw material costs for light castings under 19 U.S.C. § 1677b(e)(1)(A) does not exceed the CCS rebate amounts calculated by the domestic producers. *See id.* at 12–13. The Court finds that Commerce's methodology in constructing the raw materials cost does not overstate the actual CCS rebates.

## II. *Computer Input Error*

The Court remanded for Commerce to review observation number 7, index document number 9, at page 2 of the computer data, which showed an ocean freight entry of 1.1 instead of 0.0 for a f.o.b. sale. Commerce determined the entry was an error and made the appropriate correction.

## CONCLUSION

The final dumping margins, incorporating both Commerce's second remand calculations for Serampore and those remand calculations affirmed in *Alhambra Found-*

*ry Co., Ltd. v. United States,* 12 CIT ——, 701 F.Supp. 221 (1988), are as follows:

| Manufacturers/seller/exporters | Weighted average margin percentage |
|---|---|
| RSI (de minimis) (excluded) ......... | 0.02 |
| Kejriwal....... ............... | 2.93 |
| Serampore (de minimis) (excluded) ... | 0.487 |
| Kajaria (de minimis) (excluded) ...... | 0.04 |
| All others .......................... | 2.93 |

Commerce states that it will adhere to its traditional practice and round the dumping margin for Serampore to 0.49 when it publishes these results in the *Federal Register.* This rounded figure will still be less than the 0.50 percent *de minimis* margin in 19 C.F.R. § 353.24(a) (1988). Commerce's remand results are affirmed and the action is dismissed.