**HOWELL CONSTRUCTION, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 107–87 C.

United States Claims Court.

May 26, 1987.

Laurence J. Zielke, Louisville, Ky., for plaintiff, with whom were Frank G. Simpson, III and Charles F. Merz, Pedley, Ross Zielke & Gordinier, Louisville, Ky., of Counsel.

Tamra Phipps, Washington, D.C., attorney of record, with whom were Asst. Atty. Gen. Richard K. Willard and David M. Cohen, for defendant.

## OPINION

HORN, Judge.

This matter originally came before the Court on a Complaint for Preliminary Injunction, Permanent Injunction, and Declaratory Judgment, filed by plaintiff, Howell Construction, Inc., on February 27, 1987, to restrain the defendant from awarding a contract resulting from Invitation for Bids No. F2260087B0002 to any bidder other than the plaintiff.

Plaintiff's complaint seeks a finding of the Court that Howell is entitled to award of the subject contract because plaintiff submitted the lowest, responsive bid to the solicitation, and because the Air Force violated its regulations when it rejected Howell's bid as materially unbalanced. Plaintiff also requests the Court to restrain the defendant from awarding the contract to any other bidder or from cancelling the solicitation.[1]

Defendant contends, however, that plaintiff's bid was properly rejected by the contracting officer because it is both materially and mathematically unbalanced. Defendant, therefore, urges the Court to uphold the findings of the contracting officer, as supported by a ruling of the General Accounting Office (GAO), issued on April 30, 1987, that there is reasonable doubt

---

1. Because the defendant, during a March 31, 1987 status conference, submitted that the Government would withhold the contract award until a ruling was received from the Comptroller General and until this Court had time to review that ruling, the parties now have submitted the case for a decision on the permanent injunction.

that acceptance of plaintiff's bid would ultimately prove to be in the best interests of the Government.

At a status conference on May 12, 1987, both parties and the Court agreed that given the current posture of the case and in the interests of expediency due to the Government's stated need to award the contract quickly, the Court should proceed to address only the requests for a permanent injunction and for declaratory relief. Moreover, the parties agreed that no factual evidence would be necessary, beyond written materials, including briefs and supporting affidavits, to be submitted to the Court.

Based upon the papers filed with the Court and a review of the findings of the contracting officer, supported by the decision of the GAO, the Court finds that defendant's decision not to award the contract to plaintiff, constituted a reasonable exercise of the contracting officer's discretion. Consequently, plaintiff's motion for injunctive relief and declaratory judgment is denied.

*Background*

On October 22, 1986, the United States Air Force issued Invitation for Bids No. F2260087B0002 (solicitation), to procure services for miscellaneous and major annual exterior maintenance painting of Keesler Air Force Base in Mississippi. The solicitation proposes a five-month base period, with two one-year options and provides that the winning bid will be determined by adding the total price for all options to the total price for the basic requirement. The solicitation states that the Government may reject a bid as nonresponsive if it is found to be materially unbalanced in its pricing of the base and option periods.

When the bids were opened on January 6, 1987, the Air Force received five responses to the solicitation.[2] An analysis of the total amounts for each bid (*i.e.* the base and the two one-year option periods, taken together) shows that plaintiff's bid reflects the lowest, total cost and that Fasco Construction Company's bid reflects the second lowest, total cost. Plaintiff's proposal, however, reflects the lowest offer of all five responses only if the Government exercises the second option year. When considering only the base period offers, Fasco's bid reflects the lowest response.

Shortly after the bids were opened, based upon the price differential in the base and ·optional periods in the bids, as submitted, Fasco filed a protest against Howell's bid, alleging it to be materially unbalanced in its pricing structure. In response to Fasco's protest, the contracting officer met with plaintiff to discuss the seemingly low cost it allocated to the second option year. Neither with its bid, nor at the meeting, did plaintiff offer any written documentation to the contracting officer to support the validity of its mathematical calculations. The contracting officer, after reviewing plaintiff's figures, found

2. The table below shows a breakdown of the pricing structure of all the bidders. The contested discrepancy in plaintiff's bid is the "top-loading" of the cost into the base period and the first option period.

|  | Howell | Fasco | Evco |
|---|---|---|---|
| Base | $ 253,692.60 | $ 199,200.38 | $ 286,536.16 |
| 1st option | 497,816.50 | 452,783.00 | 668,309.50 |
| 2nd option | 269,181.30 | 457,095.50 | 605,417.50 |
| Total | $1,020,690.40 | $1,109,078.88 | $1,560,263.16 |

|  | Bush | Pierce | Government |
|---|---|---|---|
| Base | $ 282,798.50 | $ 319,464.30 | $ 241,960.00 |
| 1st option | 756,827.20 | 766,899.00 | 590,796.00 |
| 2nd option | 799,827.20 | 814,712.45 | 608,838.00 |
| Total | $1,839,452.90 | $1,901,075.75 | $1,441,594.00 |

**452**

the bid to be nonresponsive because it was materially unbalanced and, therefore, not necessarily in the best interests of the Government.

Plaintiff then filed a bid protest with the GAO in February 1987, requesting a review of the contracting officer's decision. On February 27, 1987, plaintiff also filed this action with this Court. Based upon plaintiff's petition, defendant filed a motion (which plaintiff joined) to suspend this proceeding pending issuance of a GAO decision. Defendant's suspension request was granted and the Court issued a call to the GAO, pursuant to 28 U.S.C. § 2502(a) and Rule 34(d)(1) of the Rules of the Claims Court, to issue a prompt decision. On April 30, 1987, the GAO denied plaintiff's protest.

The GAO opinion contains a detailed mathematical analysis which shows the following discrepancies in numbers:

> [P]ainting services to be performed are generally the same in each contract period, we observe that Howell's price for the 5-month base period represents some 25 percent of its total bid, whereas the base period prices for the other bids and the government's estimate range from 15 to 18 percent of those offers. (The base period is itself some 17 percent of the total possible contract period.) Moreover, Howell's combined price for the base period and the first option year—elements which together comprise only 59 percent of the anticipated 29-month total performance period—represents some 74 percent of its total bid price. In contrast, the respective percentages in the other bids range from 57 to 61 percent. Most significantly, the differential between Howell's first and second option year prices is approximately 85 percent, a differential which by its magnitude alone indicates that the bid is mathematically unbalanced.

Pursuant to the above calculations, the GAO, found that the agency's doubt that acceptance of the bid would result in the lowest overall cost to the Government, was a proper reason to reject plaintiff's bid as materially unbalanced.

*Discussion*

■ It is clearly understood that frustrated bidders have a right to seek redress in the Federal Courts for alleged arbitrary or capricious actions on the part of contracting officers, *Scanwell Laboratories, Inc. v. Shaffer,* 424 F.2d 859 (D.C.Cir.1970).

Elaborating on *Scanwell,* in *M. Steinthal & Co. v. Seamans,* 455 F.2d 1289 (D.C.Cir. 1971), the same Court addressed the deference Federal Courts should give to agency decision making in contract matters, and articulated the test for review of a contracting officer's decision. In order to succeed in a request for injunctive relief, a plaintiff must meet the heavy burden of showing that there was no rational basis for the agency's decision, *Steinthal, supra,* at 1301, 1306; *Southwest Marine, Inc. v. United States,* 3 Cl.Ct. 611, 613 (1983); *AABCO, Inc. v. United States,* 3 Cl.Ct. 109, 113 (1983); *Baird Corp. v. United States,* 1 Cl.Ct. 662, 664 (1983).

Earlier decisions of this Court have restated the test to be whether 1) the procurement official's decision had a rational basis or whether 2) the procurement procedure involved a clear and prejudicial violation of applicable statutes or regulations. *Heli-Jet,* 2 Cl.Ct. 613, 616 (1983); *Big Bud Tractors, Inc. v. United States,* 2 Cl.Ct. 188, 193 (1983).

■ Regardless of which test for review of an agency procurement decision is invoked, although a GAO bid protest decision is not necessarily binding on this Court, it is proper and appropriate for the Court to take into account and give deference to the views of the GAO. *Wheelabrator Corp. v. Chafee,* 455 F.2d 1306, 1316–1317 (D.C.Cir. 1971). Given the specialized expertise of the GAO, Courts should be especially reluctant to interfere with the executive procurement process when, as here, the GAO has upheld the contracting officer's decision. *Steinthal, supra,* at 1304, 1305.

Actions of procuring officials, should also be respected when they exercise their discretionary functions, such as the review of bids submitted in response to a solicitation. A Court should be reluctant to sub-

stitute its judgment for that of a contracting officer, who rationally officiates for an agency in manifestly discretionary functions; *Southwest Marine, supra,* at 613; *Big Bud Tractors, supra,* at 193. Courts should refrain from judicial intervention into the procurement process, unless the actions of agency officials have been found to be without rational basis. *Steinthal, supra,* at 1306.

■ Unlike the requirements for issuance of a preliminary injunction, to succeed in a request for a permanent injunction, plaintiff must meet its burden of proof and actually succeed on the merits. Plaintiff attempts to meet this extraordinary burden by asserting that the contracting officer violated regulations governing relevant procurement procedures. The pertinent regulation reads as follows:

### EVALUATION OF OPTIONS (APR 1984)

(a) The Government will evaluate offers for award purposes by adding the total price for all options to the total price for the basic requirement. Evaluation of options will not obligate the Government to exercise the option(s).

(b) The Government may reject an offer as nonresponsive if it is materially unbalanced as to prices for the basic requirement and the option quantities. An offer is unbalanced when it is based on prices significantly less than cost for some work and prices which are significantly overstated for other work. 48 C.F.R. § 52.217–5 (1986).

Plaintiff claims that the Government violated the procedure mandated by 48 C.F.R. § 52.217–5, when it considered the base period and option period costs separately, in a month-by-month breakdown, rather than by evaluating the total price of the entire offer. Unrefuted evidence presented by the defendant, in filed affidavits, signed by the contracting officer, do not confirm plaintiff's allegations of errors in the evaluation process. In fact, in its meeting with the contracting officer, on February 17, 1987, prior to rejection of Howell's bid, plaintiff failed to take advantage of an additional opportunity to present reliable evidence to substantiate the validity of its bid.

■ In rejecting plaintiff's bid, the contracting officer later explained that:

[b]ids were evaluated based on the evaluation criteria set forth in the solicitation, that is by adding the total price of all options to the total price for the basic requirement. Howell's bid was rejected as nonresponsive because it was considered materially unbalanced as to prices for the basic requirement and the option quantities.

Examining a bid, broken down between base and option periods, to analyze its responsiveness, is not in contravention with standard contracting officer procedure. *Lear Seigler, Inc.,* B–205594.2, 82–1 CPD ¶ 632 (June 29, 1982). In fact, the GAO now considers such analysis proper for determining bid responsiveness, because it takes into account mathematical balance and relates it to material balance (i.e. the likelihood that a low bid will ultimately result in the lowest overall cost to the Government). *USA Pro Co., Inc.,* B–220976, 86–1 CPD ¶ 159 (Feb. 13, 1986); *Lear Seigler, Inc., supra; Solon Automated Services, Inc.,* B–206449.2, 82–2 CPD ¶ 548 (Dec. 20, 1982). This Court also recognizes that there is no guarantee that it will be in the best interests of the Government to exercise the options. Therefore, an incremental analysis of the bid, starting with the base period followed by each option is reasonable, despite the fact that plaintiff's bid may contain the lowest, total overall cost, but only if both options are exercised.

The focus of a bid evaluation also may be on whether the amounts in each time period included in the overall bid, reflect the fair share of costs and profits for that period. Thus, while looking to the overall cost of the bid for general guidance, it is also proper to consider the integrity of each time period. *Howell Construction, Inc.,* B–225766 (decided April 30, 1987) citing therein, *Solon, supra.* In the case

currently before the Court, both the contracting officer and the Comptroller General found that the base period and each of the options in plaintiff's bid did not reflect a fair share of costs and profits.[3] Furthermore, the solicitation clearly announced to all bidders that the Government reserved the right to reject bids found to be materially unbalanced in pricing of the base and option periods.

Pursuant to the discussion above, this Court finds that the procurement agency did not violate the applicable regulations and that the defendant properly exercised its discretion in rejecting plaintiff's bid. Plaintiff has not demonstrated to the Court a basis mandating the Court's intervention.

### Conclusion

For the reasons stated herein, plaintiff's motion for preliminary and permanent injunction and, therefore, for declaratory relief are denied. The Court finds that the Government contracting officer properly acted within the bounds of discretion conferred upon that office in determining not to award the contract, under Solicitation No. F2260087B0002, to the plaintiff.

The Clerk is directed to enter judgment in accordance with the findings herein, with no costs to be awarded to either party.

IT IS SO ORDERED.

---

**3.** The decision of the Comptroller General in *Howell, supra,* found that an 85% cost differential of the proposed amounts between the first and second option years is evidence of a mathematically unbalanced bid. *See USA Pro Co., Inc.,* B–220976, 86–1 CPD ¶ 159 (Feb. 13, 1986); *Reliable Trash Service,* B–194760, 79–2, CPD ¶ 107 (Aug. 9, 1979); *cf. Propserv Inc.,* B–192154, 79–1 CPD ¶ 138 (Feb. 28, 1979).