**ASSOCIACAO DOS INDUSTRIAIS DE CORDOARIA E REDES,**

and

**Cordage Importers' Association of America, Plaintiffs,**

v.

**The UNITED STATES of America, The United States Department of Commerce, Ronald Brown, Secretary of the United States Department of Commerce, The United States International Trade Commission, Donald Newquist, Chairman of the United States International Trade Commission,**

**The Cordage Institute,**

and

**Leighton and Regnery, Chartered, Defendants.**

No. 92–12–00843.

United States Court of International Trade.

July 28, 1993.

Klayman and Associates, P.C., Larry Klayman, Paul J. Orfanedes, Nicholas M. Fobe and Karen A. Zughaib, Washington, DC, for plaintiffs.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, Cynthia B. Schultz, Stephen J. Claeys, Atty. Advisor, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, of counsel, for defendants U.S. and U.S. Dept. of Commerce, and Ronald Brown, Secretary, U.S. Dept. of Commerce, Washington, DC.

Lyn M. Schlitt, Gen. Counsel, James A. Toupin, Asst. Gen. Counsel, U.S. Intern. Trade Commission, Kathryn A. Gilchrist for defendants Intern. Trade Com'n and Donald Newquist, Chairman, Intern. Trade Com'n, Washington, DC.

Leighton and Regnery, Douglas J. Behr, Washington, DC, for defendants Leighton and Regnery and Cordage Institute.

## OPINION

RESTANI, Judge:

Three motions to dismiss have been filed against plaintiffs Associacao dos Industriais de Cordoaria e Redes and Cordage Importers' Association of America (collectively "Cordoaria") in this action. One motion was filed by defendant United States Department of Commerce ("Commerce"), one by defendant International Trade Commission ("ITC"), and one by defendant Cordage Institute, which filed the antidumping petitions at issue, and its counsel, Leighton and Regnery (collectively "petitioners"). The primary issue in controversy is whether Cordoaria may bring an action against defendants for injuries claimed from petitioners' repeated filing and withdrawal of antidumping petitions. The alleged injuries consist of substantial market disruption and travel expenses and inconvenience associated with coming before Commerce to defend against dumping allegations.

Cordoaria seeks issuance of a writ of mandamus against Commerce and ITC ordering them to terminate with prejudice the antidumping investigation concerning plaintiff and to publish a notice of termination in the Federal Register. Moreover, Cordoaria seeks to enjoin Commerce and ITC from accepting further filings from petitioners for one year. Cordoaria also asks this court to enjoin petitioners from filing an antidumping petition for one year and seeks monetary damages from petitioners. Petitioners in return have requested sanctions pursuant to Rule 11 of the Rules of the Court of International Trade.

## Facts

On September 10, 1992, petitioners filed four antidumping petitions with Commerce and ITC. Petitioners alleged that importers of cordage products from Portugal, Costa Rica, the Republic of Korea and Mexico were selling their products in the United States at less than fair value.[1]

Commerce and ITC commenced antidumping proceedings pursuant to the filing of these petitions. Before Commerce could make its initial sufficiency determination to either initiate the investigation or dismiss the petitions, petitioners withdrew their petitions on September 15, 1992.

On November 25, 1992, petitioners filed four revised antidumping petitions with *addenda.* Commerce and ITC again initiated antidumping investigations. Petitioners submitted further *addenda* on December 3, 1992. ITC scheduled a hearing for December 16, 1992. Cordoaria members prepared a defense in anticipation of the meeting and traveled to Washington to testify.

---

1. Cordage products include rope, twine and fish netting.

On December 15, 1992, the day before ITC was to conduct its preliminary conference, petitioners withdrew their petitions. Simultaneously, they requested that the previous petitions along with the *addenda* of November 25, 1992 and December 3, 1992 be refiled by incorporation. Petitioners claimed that their difficulty in collecting additional supporting documentation requested by Commerce and the need for resolution of issues of confidentiality mandated the withdrawal and refiling. A third *addendum* was filed on December 29, 1992.

On December 21, 1992, Cordoaria attempted to file a status request with Commerce pursuant to 19 C.F.R. § 353.12(i) (1992). Commerce refused to accept it on the basis that the letter attempted to introduce legal arguments into the record rather than merely inquiring into the status of the investigation. Cordoaria submitted a second letter on December 23, 1992, arguing the first was improperly rejected. This letter was also refused by Commerce. Commerce similarly denied a subsequent status request submitted by the government of Portugal on December 30, 1992.

Cordoaria filed suit with the Court of International Trade on December 31, 1992, seeking issuance of a writ of mandamus, imposition of an injunction and grant of a temporary restraining order. The court denied Cordoaria's motion for a temporary restraining order on the same day, as plaintiffs were unable to demonstrate immediate and irreparable injury. A hearing on Cordoaria's motion for preliminary injunction was scheduled for January 6, 1993. ITC set another hearing for the newly refiled petition for January 5, 1993. Cordoaria members again traveled to Washington D.C. in preparation of a defense.

On January 4, 1993, petitioners filed the fourth and final *addendum* in support of their request for imposition of antidumping duties. Unable to cure deficiencies in the application, petitioners withdrew their petitions on the same day. ITC canceled the preliminary hearing scheduled for January 5, 1993. After Commerce informed Cordoaria of petitioners' withdrawal, Cordoaria notified Commerce and ITC of its intention to continue with the hearing on the motion for a preliminary injunction scheduled for January 6, 1993, unless petitioners withdrew their petitions with prejudice. In the alternative, Cordoaria stated it would also not proceed if it received assurance from Commerce that it would no longer entertain any filings from petitioners.

On January 6, this court heard oral argument and testimony from six witnesses for Cordoaria. As the petitions had been withdrawn and the relief sought was no longer proper, the court permitted Cordoaria to amend its complaint to seek to prevent further refilings and to file a new brief. The amended complaint now added petitioners as defendants. Commerce, ITC and petitioners subsequently filed respective motions to dismiss.

### *Discussion*

**I. Jurisdiction Over Commerce and ITC**

The plaintiff has the burden of demonstrating jurisdiction is proper. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Cordoaria claims jurisdiction under 28 U.S.C. §§ 1581(i), 1585, 1651(a) and 2643(c)(1) (1988).

**A. 28 U.S.C. § 1581(i)**

Section 1581(i)[2] was enacted to avoid conflict in jurisdiction with the district

---

**2.** Section 1581(i) provides in pertinent part:
 (i) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section . . ., the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—
 . . . .

 (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
 . . . .
 (4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this section.
28 U.S.C. § 1581(i).

courts and to ensure judicial review for various unspecified challenges to enforcement of import laws. *See American Ass'n of Exporters and Importers v. United States,* 751 F.2d 1239, 1245–46 (Fed.Cir.1985). To invoke jurisdiction under § 1581(i), jurisdiction under the other provisions of § 1581 must be unavailable or manifestly inadequate. *Miller & Co. v. United States,* 824 F.2d 961, 963 (Fed. Cir.1987), *cert. denied,* 484 U.S. 1041, 108 S.Ct. 773, 98 L.Ed.2d 859 (1988); *Techsnabexport, Ltd. v. United States,* 16 CIT ——, ——, 795 F.Supp. 428, 433 (1992).[3] Cases involving challenges to antidumping duty determinations normally fall under 28 U.S.C. § 1581(c) (1988), and jurisdiction to hear cases pending an administrative determination that will eventually fall under 28 U.S.C. § 1581(c) is limited. *Techsnabexport,* 16 CIT at ——, 795 F.Supp. at 433.

This court has found § 1581(i) jurisdiction in certain situations where administrative remedies necessary to sustain jurisdiction under § 1581(c) had not been completed. The court has found jurisdiction present over pending administrative reviews alleged to be invalid where § 1581(c) jurisdiction could be unavailable after each succeeding periodic review. *Carnation Enter. Pvt., Ltd. v. United States Dep't of Commerce,* 13 CIT 604, 612, 719 F.Supp. 1084, 1091 (1989). The court has also found jurisdiction to preclude Commerce from conducting unlawful administrative reviews because appropriate remedies would be inadequate by the time § 1581(c) jurisdiction attached. *Jia Farn Manufacturing Co. v. United States,* 817 F.Supp. 969 (1993); *Asociacion Colombiana de Exportadores de Flores (Asocoflores) v. United States,* 13 CIT 584, 586–88, 717 F.Supp. 847, 850–51 (1989).[4] Thus, in the case of actions

*potentially* reviewable under § 1581(c), section 1581(i) review is appropriate where eventual standing may be speculative, or the opportunity for full relief would be lost by awaiting the final determination. *See Techsnabexport,* 16 CIT at ——, 795 F.Supp. at 434; *Nissan Motor Corp. v. United States,* 10 CIT 820, 822, 651 F.Supp. 1450, 1453 (1986); *see also Nakajima All Co. v. United States,* 12 CIT 585, 592, 691 F.Supp. 358, 364 (1988) (requiring Commerce to complete & publish final results in an annual § 751 review); *UST, Inc. v. United States,* 10 CIT 648, 651, 648 F.Supp. 1, 4 (1986) ("it is not too difficult to imagine circumstances where a possible recalcitrant ITA might determine never to complete a section 751 review simply to escape judicial scrutiny"), *aff'd,* 831 F.2d 1028 (Fed.Cir.1987).

■ Commerce argues that because Cordoaria may proceed under § 1581(c) after Commerce and ITC have completed their final determinations, an adequate remedy exists, and plaintiffs are thus precluded from obtaining review under § 1581(i). Commerce has misunderstood the source of the injury. Presently, petitioners may repeatedly withdraw and resubmit identical antidumping petitions without penalty before Commerce makes a sufficiency determination. No final administrative decision need ever be made. This situation is very akin to that of *UST, Inc.* and *Nakajima All.* Rather than involving interim decision-making or even a pending proceeding, this case involves the agency's reluctance to proceed or failure to act and is thus addressable only under § 1581(i). Plaintiffs have no other remedy than resort to this court under § 1581(i) to address alleged failings in the proper admin-

3. *See Brother Indus. (USA), Inc. v. United States,* Slip Op. 93–137, at 4 n. 2, 1993 WL 291670 *n. 2 (July 26, 1993).

4. Cases cited by the parties in which the court has declined to exercise § 1581(i) jurisdiction over issues involving the administration of the unfair trade laws are distinguishable, essentially because they involve ordinary interim decision-making fully reviewable at the conclusion of the proceedings. *See, e.g., MacMillan Bloedel Ltd. v. United States,* Slip Op. 92–67, 1992 WL 107336 (May 8, 1992) (ordinary interim antidumping decisions unreviewable until proceedings are com-

pleted); *Smith Corona Corp. v. United States,* 13 CIT 599, 602–03, 718 F.Supp. 63, 66–67 (1989) (finding no § 1581(i) jurisdiction to review agency decision refusing to suspend liquidation of entries because section 1581(c) review was adequate); *Koyo Seiko Co. v. United States,* 13 CIT 461, 465, 715 F.Supp. 1097, 1100 (1989) (holding no § 1581(i) jurisdiction to review agency decision denying additional period for comment); *PPG Indus., Inc. v. United States,* 2 CIT 110, 112–13, 525 F.Supp. 883, 885 (1981) (finding no § 1581(i) jurisdiction to review agency's refusal to hold disclosure conference).

istration of the laws relating to unfair trade and providing for revenue from imports or for other tariffs. *See* 28 U.S.C. § 1581(i)(4) as it relates to § 1581(c) and § 1581(i)(1), (2). As there is no indication that Congress intended to preclude review in such a situation, but rather specifically provided for it, jurisdiction lies in this court to review Commerce's actions.

No jurisdiction exists, however, over ITC under § 1581(i). Commerce alone determines petition sufficiency. 19 U.S.C. § 1673a(c) (1988); 19 C.F.R. § 353.13(a) (1992). ITC's mandate in this regard does not involve sufficiency determinations, but merely initiation of preliminary investigations after consultation with Commerce. 19 C.F.R. § 207.12 (1992); *see Republic Steel Co. v. United States*, 4 CIT 33, 36, 544 F.Supp. 901, 904 (1982). The relief plaintiffs seek may not be obtained from ITC.

### B. Alternative Jurisdictional Grounds

 Sections 1585, 1651(a) and 2643(c)(1), title 28, United States Code, do not provide independent grounds for jurisdiction.[5] *Kidco, Inc. v. United States*, 4 CIT 103, 104, 1982 WL 2269 (1982) (finding 28 U.S.C. § 1585 does not afford independent basis of subject matter jurisdiction where none otherwise exists); *Rhone Poulenc, Inc. v. United States*, 880 F.2d 401, 407 (Fed.Cir. 1989) (noting that § 2643(c)(1) confers equitable remedial powers, not subject matter jurisdiction); *Total Care, Inc. v. Sullivan*, 754 F.Supp. 1097, 1103 (W.D.N.C.1991) (finding § 1651(a) basis for authority to issue an injunction, but not independent basis of jurisdiction), *aff'd*, 952 F.2d 397 (4th Cir.1991), *cert. denied*, ── U.S. ──, 112 S.Ct. 2966, 119 L.Ed.2d 586 (1992). These provisions do not confer jurisdiction over ITC or petitioners.[6]

### C. Mootness

 Defendants maintain Cordoaria's claims are moot, and thus, jurisdiction improper. Article III of the Constitution requires a presently pending case or controversy. *Burke v. Barnes*, 479 U.S. 361, 363, 107 S.Ct. 734, 736, 93 L.Ed.2d 732 (1987); *American Chain Ass'n v. United States*, 14 CIT 666, 668, 746 F.Supp. 116, 118 (1990) ("[t]his Court may only entertain a suit that involves 'a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts'") (citation omitted). Actions that fail the present case or controversy test are ones where the issues are no longer live and the parties lack a legally cognizable interest in the outcome. *Northwest Envtl. Defense Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir.1988).

The test is whether a present controversy exists as to which effective relief may be granted. *Id.* Relief may exist for controversies that appear moot, but are "capable of repetition, yet evade review." *Campesinos Unidos, Inc. v. United States Dep't of Labor*, 803 F.2d 1063, 1067 (9th Cir.1986); *see ConnAire, Inc. v. Secretary, United States Dep't of Transp.*, 887 F.2d 723, 726 (6th Cir.1989). Courts have also found review proper when there are grave questions as to the legality of administrative procedures, a strong public interest in early resolution of these questions and an impossibility of administrative solution. *Atlantic Richfield Co. v. United States Dep't of Energy*, 769 F.2d 771, 784 (D.C.Cir. 1984).

Although petitioners have no petitions currently pending before Commerce, the present case clearly falls into the exception for controversies evading review. Given the absence of guarantee that deficient antidump-

---

**5.** Section 2643(c)(1) does not form a jurisdictional basis for Cordoaria's claim of monetary damages against petitioners. Although § 2643(c)(1) states that the Court of International Trade may "order any other form of relief that is appropriate in a civil action," the statute specifically limits the types of monetary relief in § 2643(a). 28 U.S.C. § 2643(a), (c)(1). Section 2643(a) permits the court to enter monetary judgments for or against parties other than the United States only in counterclaims, cross-claims or third party actions under 28 U.S.C. § 1583 (1988). No such claims have been raised in these proceedings. Therefore, no claim for monetary damages may be made against petitioners pursuant to these provisions.

**6.** *See infra* Part III, for discussion of supplemental jurisdiction.

ing petitions would ever reach a sufficiency determination, and in light of the potential for repeated harm to targets of antidumping investigations, plaintiffs' claims related to the allowance of refilings are not moot.[7]

### D. Standing

■■■■ In order to have standing, a party seeking jurisdiction under § 1581(i) must be aggrieved by agency action. *See* 28 U.S.C. § 2631(i) (1988).[8] Commerce contests Cordoaria's standing on the basis that no agency action exists pursuant to 28 U.S.C. § 2631(i) because there has been no final decision. In certain circumstances, however, namely when administrative inaction has precisely the same impact on the rights of parties as denial of relief, agency inaction may be tantamount to a final action. *Sierra Club v. Thomas*, 828 F.2d 783, 793 (D.C.Cir.1987); *Nakajima All Co.*, 12 CIT at 588–89, 691 F.Supp. at 361–62; *UST, Inc.*, 10 CIT at 651, 648 F.Supp. at 4. Commerce's position precludes review in circumstances where review would be most needed, in the face of administrative recalcitrance. Plaintiffs have standing to pursue this action.

### II. Validity of Plaintiffs' Substantive Claims

#### A. Mandamus

■■■■ Cordoaria seeks a writ of mandamus to compel Commerce and ITC to terminate the antidumping proceedings with prejudice and publish a Notice of Dismissal in the Federal Register. Section 1361, title 28, provides, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (1988). The requirements for issuing a writ of mandamus are: "(1) a clear duty on the part of the defendant to perform the act in question; (2) a clear right on the part of the plaintiff to demand the relief sought; and (3) an absence of an adequate alternative remedy." *Timken Co. v. United States*, 893 F.2d 337, 339 (Fed.Cir. 1990). Mandamus is an extraordinary remedy issued for compelling reasons such as administrative usurpation of power, clear abuse of discretion or an issue of first impression. *United States v. Helmsley*, 866 F.2d 19, 22 (2d Cir.1988), *cert. denied*, 490 U.S. 1004, 109 S.Ct. 1638, 104 L.Ed.2d 154 (1989); *see also Nakajima All Co.*, 12 CIT at 588, 691 F.Supp. at 361.

■■■■ Although courts have generally held that discretionary tasks may not be enforced by mandamus, *National Corn Growers Ass'n v. Baker*, 840 F.2d 1547, 1552 (Fed.Cir.1988), these duties may be set aside under the mandamus statute, if they fall outside the bounds of any rational exercise of discretion. *Esquire, Inc. v. Ringer*, 591 F.2d 796, 806 n. 28 (D.C.Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1217, 59 L.Ed.2d 456 (1979).

■■■■ Plaintiff asserts that Commerce violated its administrative duties with respect to 19 U.S.C. § 1673a (1988), 19 C.F.R. §§ 353.3, 353.12(a), 353.12(i), 353.13(a) and 353.-34(b)(3)(ii) (1992), and its own policies with respect to 54 Fed.Reg. 12,742, 12,744–45 (1989) (to be codified at 19 C.F.R. § 353).[9]

Section 1673a[10], title 19, United States

---

7. Claims specific to the conduct of the terminated proceedings may be moot.

8. Section 2631(i) of title 28, United States Code, provides:
 (i) Any civil action of which the Court of International Trade has jurisdiction, other than an action specified in subsections (a)–(h) of this section, may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of section 702 of title 5.
 28 U.S.C. § 2831(i). Section 702, title 5, United States Code, provides in pertinent part:
 A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of the relevant statute, is entitled to judicial review thereof.
 5 U.S.C. § 702 (1988).

9. Cordoaria incorrectly cites to 57 Fed.Reg. 12,-744–45 (1989) in its amended complaint. The correct citation is 54 Fed.Reg. 12,742, 12,744–45 (1989) (to be codified at 19 C.F.R. § 353).

10. Section 1673a provides in pertinent part:
 **(b) Initiation by petition**
 (1) Petition requirements
 An antidumping proceeding shall be commenced whenever an interested party ... files a petition with the administering authority, on behalf of an industry, which alleges the ele-

Code and 19 C.F.R. § 353.13(a)[11] provide Commerce with guidelines as to determining petition sufficiency. Plaintiffs contend Commerce violated these provisions by failing to dismiss the petitions as deficient. This premise fails. Commerce never made a determination as to the sufficiency of the petitions. As the petitions were withdrawn within the 20 day period granted to Commerce to make its decision, if withdrawal was permissible, no actual decision was mandated and therefore no duty would exist under law. Commerce possesses discretion to permit amendments to petitions at such time and upon such conditions as it deems appropriate. 19 U.S.C. § 1673a(b)(1).

In addition, Congress has made no specific laws on withdrawal of petitions and Commerce may reasonably fill the gap if its rules and procedures do not conflict with the statute, particularly the requirement to act within 20 days. Presumably the 20 day limit protects both petitioner and respondents. While the letter of the law may be preserved by withdrawal of petitions, at some point its spirit will be violated. Although an argument may be made that Commerce approached the bounds of discretion when it permitted petitioners to refile several times without regard to the effect on respondents, Commerce did not exceed those bounds.[12] In allowing the withdrawals and refilings Commerce appears to have balanced competing concerns and less than clear statutory directives. Commerce did not violate its ministerial duties with regard to 19 U.S.C. § 1673a and 19 C.F.R. § 353.13(a).

■■■ Cordoaria also makes claims relating to the proceedings that have been terminated. These claims do not fit so clearly within the mootness exception for repeated actions that evade review, but are addressed for the sake of argument. Cordoaria alleges Commerce breached its duties pursuant to 19 C.F.R. § 353.3 and its position taken in the Federal Register, 54 Fed.Reg. at 12,744–45,[13] by permitting petitioners to refile by incorpo-

---

ments necessary for the imposition of the duty imposed by section 1673 of this title, and which is accompanied by information reasonably available to the petitioner supporting those allegations. *The petition may be amended at such time, and upon such conditions, as the administering authority and the Commission may permit.*

. . . .

**(c) Petition Determination**

Within 20 days after the date on which a petition is filed under subsection (b) of this section, the administering authority shall—

(1) determine whether the petition alleges the elements necessary for the imposition of a duty under section 1673 of this title and contains information available to the petitioner supporting the allegations,

(2) if the determination is affirmative, commence an investigation to determine whether the class or kind of merchandise described in the petition is being, or is likely to be, sold in the United States at less than its fair value, and provide for the publication of notice of the determination in the Federal Register, and

(3) if the determination is negative, dismiss the petition, terminate the proceeding, notify the petitioner in writing of the reasons for the determination, and provide for the publication of notice of the determination in the Federal Register.

19 U.S.C. § 1673a (emphasis added).

**11.** Section 353.13(a), title 19, Code of Federal Regulations, provides:

(a) *Determination of sufficiency.* Not later than 20 days after a petition is filed under § 353.12, the Secretary will determine wheth-er the petition properly alleges the basis on which an antidumping duty may be imposed under section 731 of the Act, contains information reasonably available to the petitioner supporting the allegations, and is filed by an interested party....

19 C.F.R. § 353.13(a) (1992).

**12.** Commerce argues it has no power to reject petitions, but it admits it has power to control withdrawal of petitions. The court doubts that it is powerless to prevent abuse of its process. It may now be appropriate for Commerce to consider a rule limiting the number of refilings within a given period.

**13.** The clarification of 353.3 provides:

*Comment:* Two parties request that respondents and petitioners not be required to resubmit evidence or documents that are already in Department's possession. To reduce the burden, the resubmission should be waived if the submitter can identify the location of the requested data in the Department's files. These documents could be made part of the court record without physically inserting them into the record.

*Department's Position:* The burden that would be created, and the potential disruption to an orderly proceeding that would result, given the enormous volume of records, does not permit the Department to provide this service. *See also* [19 C.F.R.] § 353.34(b)(3)(ii). 54 Fed.Reg. at 12,744–45.

ration. The decision not to allow filing by incorporation solely benefits Commerce. By establishing this rule, Commerce has not created any duty to other parties. Commerce may make exceptions to this rule as it deems necessary. Moreover, Commerce's action pursuant to a provision implemented for housekeeping purposes cannot be construed as ministerial. How Commerce manages its documents is purely discretionary. *See J. E. Brenneman Co. v. Schramm*, 473 F.Supp. 1316, 1319 (E.D.Pa.1979) ("[a]n act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt"). Cordoaria has failed to demonstrate an absence of rationality or even an abuse of discretion in Commerce's action in this regard.

 Cordoaria claims Commerce also violated the provisions of 19 C.F.R. § 353.-12(i).[14] Section 353.12(i) precludes communication, outside of status requests, between interested parties and Commerce. *Id.* Cordoaria claims Commerce violated these provisions by denying its status requests.

Commerce did not violate its duties. Cordoaria attempted to offer improper argument by questioning the procedure used in reviewing the petitions rather than inquiring as to the actual status of the application. Cordoaria's letters raised substantive legal arguments and accusations against Commerce that fell outside of permissible inquiry. Commerce acted properly and within its discretion when it rejected Cordoaria's status requests.

 Finally, Cordoaria incorrectly asserts Commerce violated 19 C.F.R. § 353.-12(a) and § 353.34(b)(3)(ii). Section 353.12(a) addresses the filing requirements for antidumping petitions; it does not pertain to Commerce's actions or duties with regard to

withdrawals and refilings. Section 353.-34(b)(3)(ii) pertains to administrative protective orders. As none have been issued in these proceedings, it is equally inapplicable. Accordingly plaintiffs' request for mandamus is denied. As there is no current proceeding and the allowance of three attempts to correct the petition was not a violation of law, the complaint does not state a claim for relief against the United States.

### B. Injunctive Relief.

 Cordoaria seeks to enjoin Commerce from accepting any petitions from petitioners and from conducting antidumping proceedings on the basis of such petitions for at least one year.[15] Permanent injunctive relief is properly denied where the main claim has been dismissed. *Howell Constr., Inc. v. United States*, 12 Cl.Ct. 450, 453 (1987) (holding grant of permanent injunction requires actual success on merits). As Commerce's actions were permissible as a matter of law, plaintiff may not succeed on its claim. No injunctive relief may be granted.

### III. Supplemental Jurisdiction

 Given that the suit against Commerce and ITC is dismissed, there remains a question of whether the court retains jurisdiction over petitioners. The claims asserted against petitioners, abuse of process and prima facie tort, are founded largely in state law. This court might be able to hear such claims, but only if appended to claims properly before the court under the customs and trade laws. Pursuant to 28 U.S.C. § 1367 (Supp. III 1991), federal courts possess the power to dismiss claims whose jurisdiction was purely supplemental where the claims

---

**14.** Section 353.12(i), title 19, Code of Federal Regulations, provides in pertinent part:

 (i) *Limitation of communication before initiation.* Before the Secretary decides whether to initiate an investigation, the Secretary will not accept from an interested party . . ., oral or written communication regarding a petition *except inquiries concerning the status of the proceeding.*

19 C.F.R. § 353.12(i) (1992) (emphasis added).

**15.** Cordoaria and Commerce cite to cases for requirements for *preliminary* injunctive relief, yet Cordoaria's amended complaint seeks *permanent* injunctive relief. The standard for permanent injunctive relief differs from that of preliminary injunctive relief. For permanent injunctive relief, the moving party must show actual rather than probable success on the merits. *Public Interest Research Group, Inc. v. Rice*, 774 F.Supp. 317, 328 (D.N.J.1991).

**988**

over which original jurisdiction exists are dismissed early in the litigation.[16]

Section § 1367, title 28, United States Code, provides in pertinent part:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> . . . .
>
> (3) the district court has dismissed all claims over which it has original jurisdiction. . . .

28 U.S.C. § 1367(c) (Supp. III 1991); *Rhyne v. Henderson County*, 973 F.2d 386, 395 (5th Cir.1992) (holding district court's dismissal of state law claims is proper following dismissal of all federal questions giving it original jurisdiction). As Cordoaria's CIT original jurisdiction claims have been dismissed, this court chooses to leave resolution of Cordoaria's remaining claims, most of which involve state law issues, to other adjudicators. Petitioners' motion to dismiss is granted.

IV. Sanctions

 Petitioners request imposition of CIT Rule 11 sanctions against Cordoaria. Sanctions are improper. Although plaintiffs' claims are not sufficient to receive the relief demanded, there is no indication that the claims were not well grounded in fact, warranted in existing law or a reasonable exten-

sion thereof, and brought for a proper purpose.

## CONCLUSION

All motions to dismiss granted. Petitioners' motion for imposition of sanctions denied.

## JUDGMENT

This case having been submitted for decision and the Court, after deliberation, having rendered a decision therein; now, in conformity with that decision,

**IT IS HEREBY ORDERED:** that the motion to dismiss filed by the United States Department of Commerce, the motion to dismiss filed by the International Trade Commission and the motion to dismiss filed by Cordage Institute and Leighton & Regnery are all granted. Cordage Institute's motion for sanctions is denied.

---

**16.** Petitioners and Cordoaria devote their various memoranda to a discussion of pendent party jurisdiction, a doctrine that no longer exists or has limited applicability. The relevant jurisdictional theory is the doctrine of supplemental jurisdiction, which applies to actions commenced and pending after December 1, 1990. *See* 28 U.S.C. § 1367 (Supp. III 1991). Petitioners note the existence of supplemental jurisdiction, but dismiss it based on the improper conception that the Court of International Trade is not a "district

court," and that this is not a case in which it has been alleged that the district courts have original jurisdiction. The court directs petitioners to Section 1585, title 28, United States Code, which provides:

> The Court of International Trade shall possess all the powers in law and equity of, or as conferred by statute upon, a district court of the United States.

28 U.S.C. § 1585 (1988).