PLAYHOUSE IMPORT & EXPORT, INC., PLAINTIFF *v.*
UNITED STATES, DEFENDANT

Court No. 92–08–00587

(Dated May 13, 1994)

*Law Offices of George R. Tuttle, P.C. (George R. Tuttle),* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Marc E. Montalbine);* United States Customs Service *(Mark G. Nackman),* of counsel, for defendant.

## MEMORANDUM AND ORDER

GOLDBERG, *Judge:* This action having been previously dismissed by the court for lack of jurisdiction, see *Playhouse Import & Export, Inc. v. United States,* Slip Op. 94–14 (CIT Jan. 28, 1994) *("Playhouse I"),* plaintiff now moves this court for rehearing. Because the court finds that plaintiff's arguments do not compel a rehearing of this matter, plaintiff's motion is denied.

## DISCUSSION

The factual predicate underlying this action is detailed in the court's memorandum opinion. *Playhouse I,* Slip Op. 94–14 at 2–4. Presently, Playhouse argues that the recent decision of our appellate court in *Conoco, Inc. v. United States Foreign-Trade Zones Bd.,* 18 F.3d 1581 (Fed. Cir. 1994), provides "new precedent that this Court incorrectly concluded that jurisdiction did not exist under 28 U.S.C. § 1581(i) to review the denial of * * * Customs' decision regarding prior disclosure." *Plaintiff's Response To Defendant's Opposition To Plaintiff's Motion For Rehearing* at 1 *("Plaintiff's Response Brief").* The court disagrees.

A rehearing is a "method of rectifying a significant flaw in the conduct of the original proceeding." *W.J. Byrnes & Co. v. United States,* 68 Cust. Ct. 358, 358, C.R.D. 72–5 (1972).[1] The decision to grant or deny a motion for rehearing lies within the sound discretion of the court. *See, e.g., Sharp Elecs. Corp. v. United States,* 14 CIT 1, 2, 729 F. Supp. 1354, 1355 (1990).

As the government notes, "arguments raised for the first time on rehearing are not properly before the court for consideration when prior opportunity existed * *.* for the moving party to have adequately made its position known." *Wild Herrbrugg Instruments Co. v. United States,* 81 Cust. Ct. 141, 143, C.D. 4781 (1978). Playhouse asserted jurisdiction under 28 U.S.C. § 1581(i) in response to the government's motion to dis-

---

[1] Only exceptional circumstances justify granting a motion for rehearing; these include:

(1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available at the time of trial; or (4) an occurrence at trial in the nature of an accident or an unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case.

*RSI (India) Pvt., Ltd. v. United States,* 12 CIT 594, 595, 688 F. Supp. 646, 647 (1988) (citations omitted), *aff'd,* 7 Fed. Cir. (T) 100, 876 F.2d 1571 (1989).

miss this action. The court will therefore address Playhouse's reliance upon *Conoco* in support of its motion for rehearing.

A. *The Conoco Decision:*

Playhouse asserts that the decision of the Court of Appeals for the Federal Circuit ("CAFC") in *Conoco* requires this court to reexamine its conclusion that jurisdiction under 28 U.S.C. § 1581(i) is not warranted in the present case. *Plaintiff's Response Brief* at 1; see *Playhouse I,* Slip Op. 94–14 at 10–12. Playhouse's reliance on *Conoco,* however, is misplaced. *Conoco* simply recognizes that § 1581(i) jurisdiction is appropriate only when no other remedy is available or when other remedies that may be available are shown to be manifestly inadequate. This accords with ample prior case law. *See, e.g., Norcal/Crosetti Foods, Inc. v. United States,* 10 Fed. Cir. (T) ___, ___, 963 F.2d 356, 359 (1992); *Miller & Co. v. United States,* 5 Fed. Cir. (T) 122, 124, 824 F.2d 961, 963 (1987); *United States v. Uniroyal, Inc.,* 69 CCPA 179, 187, 687 F.2d 467, 475 (1982) (Nies, J., concurring); *Companhia Brasileira Carbureto De Calcio v. United States,* Slip Op. 94–48 at 2–3 (CIT Mar. 18, 1994); *Vivitar Corp. v. United States,* 7 CIT 170, 176, 585 F. Supp. 1419, 1426 (1984), *aff'd,* 3 Fed. Cir. (T) 124, 761 F.2d 1552 (1985); *Lowa, Ltd. v. United States,* 5 CIT 81, 88, 561 F. Supp. 441, 447 (1983), *aff'd,* 2 Fed. Cir. (T) 27, 724 F.2d 121 (1984).

In the present case, Playhouse can challenge the merits of Customs' decision to reject its submitted disclosure as a valid prior disclosure in its defenses to an action commenced in this court by the government pursuant to 28 U.S.C. § 1582.[2] The question thus becomes whether review under § 1582 is manifestly inadequate in the present case. The court concludes that it is not.

When another remedy is available, the party asserting § 1581(i) jurisdiction bears the burden of establishing how that remedy is manifestly inadequate. *Carnation Enters. Pvt. Ltd. v. United States Dep't of Commerce,* 13 CIT 604, 609, 719 F. Supp. 1084, 1089 (1989). Playhouse has failed to articulate with particularity the consequences of requiring a later challenge to Customs' denial in this case. Playhouse's complaint offers but one general claim of injury that is colorably tied to Customs' denial but is not otherwise associated with Customs' ongoing investigation, i.e. the alleged damage to Playhouse's credit rating and accompanying difficulty in obtaining financing.[3] Yet no clear evidence of such injury has been presented. And, even if Playhouse's allegation is

---

[2] This provision states:

   The Court of International Trade shall have exclusive jurisdiction of any civil action which arises out of an import transaction and which is commenced by the United States

   (1) to recover a civil penalty under [19 U.S.C. § 1592]

   \*          \*          \*          \*          \*          \*          \*

28 U.S.C.A. § 1582 (West 1994).

[3] Contingent liabilities such as potential civil penalties should be reported on company financial reports. Because Customs has not even issued a pre-penalty notice pursuant to 19 U.S.C. § 1592(b), however, it is questionable whether, at this point in the proceedings, Playhouse need declare any contingent liability relating to this matter in its financial statements.

accepted as true for purposes of this motion, the fact remains that Playhouse continues to engage in import transactions and to otherwise operate its business.[4] Thus, it does not appear that any present injury Playhouse may be experiencing is of a type that may not be redressed at a later date. Although the phrase "manifestly inadequate" is bandied about quite often in its memoranda, Playhouse fails to establish that, by deferring a review of Customs' denial until Customs seeks to enforce a final claim of penalty via 28 U.S.C. § 1582, Playhouse will suffer irremediable adverse consequences. *Associacao Dos Industriais De Cordoaria E Redes v. United States,* 17 CIT 754, 757–58, 828 F. Supp. 978, 983 (1993) (immediate review under § 1581(i) is appropriate when opportunity for full relief is unavailable in a postponed review); *Asociacion Colombiana de Exportadores de Flores (Asocoflores) v. United States,* 13 CIT 584, 585–88 & n.5, 717 F. Supp. 847, 849–51 & n.5. (intervening mootness renders a postponed review manifestly inadequate), aff'd, 8 Fed. Cir. (T) 126, 903 F.2d 1555 (1990); *Pistachio Group of the Ass'n of Food Indus., Inc. v. United States,* 10 CIT 440, 443, 638 F. Supp. 1340, 1342 (1986) (potential for irreparable harm renders postponed review manifestly inadequate). Playhouse's argument is therefore rejected.

CONCLUSION

The court finds that 28 U.S.C. § 1582 affords Playhouse with an adequate opportunity for review of this matter. Because the court concludes that it does not have jurisdiction to hear this case, the court need not address Playhouse's remaining arguments directed toward the merits of its dispute with Customs. Playhouse's motion for rehearing is hereby DENIED.

---

[4] Playhouse's complaint states that many of its entries at the port of San Francisco continue to be subject to intensive examination by Customs.